HW/2006R00730

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 12-357 (NLH) |
| v. | : | |
| RONALD GRABAN | : | 18 U.S.C. §§ 1341, 1957, & 2 |

## I N F O R M A T I O N

Defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

### COUNT 1
### (Mail Fraud)

1. From in or about 2000 to in or about May 2007, defendant RONALD GRABAN was in the business of buying and reselling computer parts. For the most part, he sold computer parts to C., an Internet retailer ("the Internet retailer").

2. Defendant RONALD GRABAN operated his computer parts business using various entities, including but not limited to RPR International LLC, Graham Enterprises International, Innovative Technology Group, MT Loveland Corp., Golden Eagle Property Management, Andy Lee, Inc., and Andy Lee Electronics ("the Graban entities").

3. In or about December 2004, defendant RONALD GRABAN began buying computer parts from a company in China named GigaLight

Electronic (HK) Company, Ltd., a/k/a Eflow ("GigaLight/Eflow"). These parts were mostly network connecting cables, and appeared identical to cables manufactured by Cisco Systems, Inc. and Nortel Networks, two large computer parts and services companies. Furthermore, defendant RONALD GRABAN represented to certain persons at the Internet retailer that the parts were genuine Cisco and Nortel parts.

4. Beginning in or about November-December 2005, at the latest, defendant RONALD GRABAN became aware that GigaLight/Eflow was selling counterfeit computer parts to the Graban entities, because U.S. Customs and Border Protection, a federal agency, seized several shipments of computer parts from GigaLight/Eflow to some of the Graban entities, and notified those Graban entities of the seizures and of the fact that the parts seized were counterfeit.

5. Despite being on notice in or about November-December 2005 that the computer parts he had been buying were counterfeit, defendant RONALD GRABAN continued to buy those parts and resell them to the Internet retailer.

6. The Internet retailer sold to various individuals, companies, and other entities the counterfeit parts it purchased from defendant RONALD GRABAN. In particular, prior to the time that defendant RONALD GRABAN began selling counterfeit parts to the Internet retailer, the Internet retailer contracted with the

2

United States Government Services Administration to sell products to United States government agencies. As a result, a number of those agencies purchased counterfeit parts from the Internet retailer, which previously defendant RONALD GRABAN had sold to the Internet retailer.

7. From in or about January 2006, to in or about May 2007, at Burlington County, in the District of New Jersey, and elsewhere, defendant

RONALD GRABAN

did execute and attempt to execute a scheme and artifice to defraud Cisco, Nortel Networks, certain persons at the Internet retailer, and customers of the Internet retailer, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as more fully set forth below.

8. It was part of the scheme and artifice that defendant RONALD GRABAN, even after learning that the computer parts he had been buying were counterfeit, continued to represent to certain persons at the Internet retailer that the parts were genuine Cisco and Nortel parts.

9. It was further part of the scheme and artifice that defendant RONALD GRABAN also began buying counterfeit Cisco and Nortel computer parts from M., a California-based company, and reselling them to the Internet retailer while fraudulently

representing to certain persons at the Internet retailer that the parts were genuine Cisco and Nortel parts.

10. It was further part of the scheme and artifice that defendant RONALD GRABAN billed the Internet retailer for the computer parts he sold to it, and caused the Internet retailer to mail checks to the Graban entities in payment therefor.

11. On or about February 9, 2006, at Burlington County, in the District of New Jersey, and elsewhere, defendant

RONALD GRABAN,

having devised and intending to devise the aforesaid scheme and artifice to defraud Cisco, Nortel Networks, certain persons at the Internet retailer, and customers of the Internet retailer, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute such scheme and artifice to defraud, did knowingly cause the Internet retailer to place in a post office or authorized depository for mail matter, to be sent and delivered by the United States Postal Service, a check payable to RPR International Enterprises, one of the Graban entities, in the amount of $162,923.00.

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 2
(Money Laundering)

1.  Paragraphs 1 through 10 of Count 1 are incorporated herein as if fully set forth.

2.  On or about February 13, 2006, at Burlington County, in the District of New Jersey, and elsewhere, defendant

### RONALD GRABAN

did knowingly engage in and attempt to engage in the following monetary transaction in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, namely, mail fraud as charged in Count 1, and said transaction did affect interstate and foreign commerce: the deposit into a bank account in the name of Graham Enterprises International LLC, one of the Graban entities, of a check made payable to RPR International Enterprises, check number 148322, dated February 9, 2006, in the amount of $162,923.00.

In violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATIONS

The allegations contained in this Information are realleged and incorporated by reference for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982.

As a result of committing one or more of (a) the mail fraud offense charged in Count 1 of this Information, in violation of Title 18, United States Code, Sections 1341 and 2, and (b) the money laundering offense charged in Count 2 of this Information, in violation of Title 18, United States Code, Sections 1957 and 2, defendant RONALD GRABAN shall forfeit to the United States, pursuant to:

(a) Title 18, United States Code, Section 981(a)(1)(C) and to Title 28, United States Code, Section 2461(c), any and all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the scheme to defraud of which defendant is convicted, and all property traceable to such property; and

(b) Title 18, United States Code, Section 982, any and all property, real and personal, which (i) constitutes or is derived from proceeds traceable to the commission of the money laundering offense charged in Count 2 of the Information, (ii) is traceable to such property, or (iii) is involved in the money laundering

offense charged in Count 2 of this Information, including but not limited to the following:

1. **Cash Proceeds of Criminal Activity**

A sum of money equal to $884,364.37 in United States currency, in that such sum constitutes or is derived, directly or indirectly, from proceeds traceable to the execution of the fraudulent scheme set forth and described in paragraphs 1-9 of Count 1 of this Information; and

2. **Real Property**

a. A condominium located at 2424 W. Tampa Bay Blvd, Unit B211, Tampa, Florida 33607-1345, within the gated community of The Marina Club of Tampa Condominiums, in Hillsborough County, Parcel Number: A11-29184-P30000000B211.0, Book 16350, Page 1371; and

b. A four-bedroom house located at 11098 Golden Eagle Avenue, Weeki Wachee, Florida, in the Royal Highlands development in Hernando County, Unit 2, Block 10, Lot 1, Parcel number: R01-22117330000100010, Book 2435, Page 181, Recorded on May 2, 2007, Grantee: Andy Lee Inc, 40 E. Main St., Newark, Delaware 19711-4658;

both of which were purchased with the proceeds of criminal activity, that is, the mail fraud scheme, as set forth and alleged in Count 1 of the Information, and money laundering, as set forth and alleged in Count 2;

If any of the above-described forfeitable property, as a

result of any act or omission of defendant:

    a.    cannot be located upon the exercise of due diligence,

    b.    has been transferred or sold to, or deposited with, a third person,

    c.    has been placed beyond the jurisdiction of the Court,

    d.    has been substantially diminished in value, or

    e.    has been commingled with other property that cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

_____
PAUL J. FISHMAN
United States Attorney

CASE NUMBER: 2006R00730

**United States District Court**
**District of New Jersey**

UNITED STATES OF AMERICA

v.

RONALD GRABAN

**INFORMATION FOR**

Title 18 United States Code
Sections 1341, 1957, & 2

**PAUL J. FISHMAN**
UNITED STATES ATTORNEY, NEWARK, NEW JERSEY

HOWARD WIENER
ASSISTANT U.S. ATTORNEY
CAMDEN, NEW JERSEY
856.757.5026